

## NUMBER 13-13-00394-CR

## COURT OF APPEALS

## THIRTEENTH DISTRICT OF TEXAS

## CORPUS CHRISTI - EDINBURG

JOSE DAVID CONTRERAS,                                                      Appellant,

v.

THE STATE OF TEXAS,                                                      Appellee.

### On appeal from the 299th District Court of Travis County, Texas.

## ORDER OF ABATEMENT

### Before Chief Justice Valdez and Justices Rodriguez and Garza
### Order Per Curiam

Appellant, Jose David Contreras, has filed a notice of appeal with this Court from his conviction in trial court cause number D-I-DC-08-207105 in the 299th District Court of Travis County, Texas.   His appeal was transferred to this Court from the Third Court of Appeals by order of the Texas Supreme Court.   *See* TEX. GOV'T CODE ANN. § 22.220(a) (West Supp. 2011) (delineating the jurisdiction of appellate courts); TEX. GOV'T CODE ANN.

§ 73.001 (West 2005) (granting the supreme court the authority to transfer cases from one court of appeals to another at any time that there is "good cause" for the transfer). The trial court's certification of the defendant's right to appeal shows that the defendant has waived the right of appeal. *See* TEX. R. APP. P. 25.2(a)(2).

On August 12, 2013, we ordered appellant's counsel, Alexander L. Calhoun, to, within thirty days, review the record and advise this Court as to whether appellant has a right to appeal. *See id.* R. 44.3, 44.4. Counsel responded to this Court's order by filing a motion identifying potentially substantive reasons for appeal. Counsel requests that the Court defer dismissal of the appeal for thirty days to afford him the opportunity to persuade the trial court to modify the certificate of right to appeal.

Therefore, we ABATE this appeal and REMAND this cause to the trial court for a hearing to determine whether the appellant has the right of appeal. We further direct the trial court to issue findings of fact and conclusions of law regarding these issues. The trial court's amended certification, if any, and any orders it enters shall be included in a supplemental clerk's record. The trial court is directed to cause the supplemental clerk's record to be filed with the Clerk of this Court within thirty days of the date of this order. Should the trial court require more time to comply with the directions of this Court, it shall request an extension prior to the expiration of this deadline.

It is so ORDERED.

PER CURIAM

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
3rd day of October, 2013.